**Scott SWANSON, Plaintiff–Appellant,**

v.

**State of INDIANA, et al., Defendants–Appellees.**

No. 01–1990.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 20, 2001.*

Decided Nov. 20, 2001.

Before WOOD, RIPPLE, and WILLIAMS, Circuit Judges.

ORDER

Proceeding *pro se*, Scott Swanson brought this civil rights action seeking redress for the constitutional injuries he allegedly suffered in connection with his state-court divorce. The district court dismissed the complaint with prejudice on a

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

variety of jurisdictional and non-jurisdictional grounds, but we have concluded that under the *Rooker–Feldman* doctrine federal subject-matter jurisdiction was absent entirely. Consequently, we modify the judgment of the district court to reflect dismissal without prejudice and affirm the judgment as modified.

Mr. Swanson and his wife had divorced, and the divorce decree gave custody of their children to his ex-wife, obligated Mr. Swanson to pay child support, and required both parents to attend a program for divorcing parents called Families In Transition ("FIT"). Mr. Swanson neither attended the program nor appeared at a show-cause hearing to explain why not, and he was eventually arrested. Mr. Swanson then brought this suit in federal court for damages and injunctive relief. He claimed that the defendants had caused him to lose custody of his children, ordered him to pay child support based on his gender, and violated a host of constitutional protections by ordering him to participate in FIT. After the district court dismissed the initial complaint, Mr. Swanson filed with leave of court an amended complaint making similar allegations but in more general terms. The amended complaint seeks damages for "personal injury," an injunction against the defendants' "'custom and practice' of gender discrimination," and an injunction against mandatory participation by divorcing parents in FIT.

Both Mr. Swanson's request for damages and his request for injunctive relief are barred by the *Rooker–Feldman* doctrine. Under *Rooker–Feldman*, lower federal courts lack subject-matter jurisdiction to review state court civil judgments, such as Mr. Swanson's divorce decree. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rizzo v. Sheahan*, 266 F.3d 705, 713 (7th Cir.2001). The *Rooker–Feldman* doctrine bars claims both for damages and injunctive relief, *Garry v. Geils*, 82 F.3d 1362, 1370 (7th Cir.1996), and we decide to apply the doctrine based upon "'whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment.'" *Edwards v. Ill. Bd. of Admission to the Bar*, 261 F.3d 723, 729 (7th Cir.2001) (quoting *Garry*, 82 F.3d at 1365).

Here, Mr. Swanson's alleged injuries resulted from his state-court divorce. Mr. Swanson claims that gender discrimination and other constitutional infirmities in his divorce proceeding resulted in an adverse custody and child support award and the requirement that he attend FIT. His injury, if any, arose because the defendants allegedly acted improperly in connection with his divorce. Had the divorce decree favored Mr. Swanson, or had it never existed, the alleged unconstitutionality of the defendants' programs and procedures would not have caused Mr. Swanson damage.

Mr. Swanson tries to avoid application of *Rooker–Feldman* by suggesting in his amended complaint that the defendants engaged in systematic discrimination independent from his own divorce. But to have Article III standing in the first place, Mr. Swanson must have alleged some redressable injury. *See Vermont Agency of Natural Res. v. United States*, 529 U.S. 765, 770, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000); *Tobin For Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 527 (7th Cir.2001). In this case the only injury of which he complains occurred because of the purportedly illegal divorce decree. Recasting his complaint as a general at-

tack on the defendant's "customs and practices" does not change the nature of his claim. *See Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 997 (7th Cir.2000) ("A plaintiff may not circumvent the effect of the *Rooker–Feldman* doctrine simply by casting [his] complaint in the form of a federal civil rights action." (internal quotation and citation omitted)); *accord Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir.1993). Consequently, Mr. Swanson "objects to the outcome of a judicial proceeding and filed a separate suit to get around it," *Manley v. City of Chicago*, 236 F.3d 392, 396 (7th Cir.2001) (internal quotation and citation omitted), and the *Rooker–Feldman* doctrine bars both his claims for monetary and injunctive relief.

Because *Rooker–Feldman* precludes federal subject-matter jurisdiction in this case, however, the district court should have dismissed Mr. Swanson's complaint without prejudice. *See T.W. by Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir.1997). Accordingly, the judgment of the district court is MODIFIED to reflect dismissal without prejudice, and as modified the judgment is AFFIRMED.